Doyal *vs.* Maxwell and wife.

D. D. DOYAL, deputy sheriff, plaintiff in error, *vs.* JAMES MAXWELL AND WIFE, defendants in error.

1. If a brief of the oral and a copy of the written testimony in the cause, be not incorporated in the bill of exceptions, or be not attached to the bill of exceptions, as an exhibit, when it is presented to the Judge for his certificate, and identified as true by the signature of the Judge thereupon, the writ of error will be dismissed. Though the brief of evidence come here certified by the Clerk as part of the record, it is no part of the record. (R.)

2. If a record reach this Court, and be lost before the case is entered upon the docket, a copy may be established here *instanter*, and the case will be docketed, as if the record had not been lost. (R.)

3. The motion to dismiss the writ of error because the evidence was not in the bill of exceptions, was taken after the reading of the bill of exceptions, movant stating that he waited till after the reading, that the Court might understand the objection. (R.) (See last case under these head notes.)

Bill of Exceptions. Before Judge GREEN. Spalding Superior Court. February Term, 1869.

1. One Sparks sued out a warrant against James Maxwell and his wife, as his tenants, holding certain premises beyond their term. Doyal, the deputy sheriff, under said warrant, dispossessed them and put Sparks in possession of the premises.

Maxwell and wife applied to the Court for *mandamus* against the sheriff, to compel a restitution of the possession to them. The deputy sheriff denied the grounds set forth in the application. Without the intervention of a jury, the Judge tried the cause, hearing all the evidence, and granted the *mandamus*.

Doyal filed a bill of exceptions, averring that the Judge erred upon various grounds therein set forth. None of the evidence was set out in the body of the bill of exceptions. It recited that Doyal " introduced several witnesses, whose testimony is hereto attached, as a part of this bill of exceptions, together with the authority under which he acted, together with the several papers read by him, as evidence in said cause," *    *    *    *    * "that the complainants

then introduced T. W. Flint, Sarah Maxwell, D. J. Bailey and James Maxwell, in support of the petition, whose evidence is hereto annexed as part of this bill of exceptions.

After the usual certificate by the Judge, came all the pleadings and a brief of the evidence, *pro* and *con*, annexed to the bill of exceptions, and on it, was the agreement of counsel that it was correct, and the acknowledgment of the service of the bill of exceptions. After all this, was other evidence and copies of the records and judgment of the Court. The whole was attached together and certified by the Clerk; but none of this evidence was "identified as true, by the signature of the Judge thereupon," as is required by the 10th Rule of the Supreme Court. (See 38th Ga. R., 689.)

Upon motion of counsel for defendants in error, the writ of error was dismissed, because said rule, in said particular, had not been complied with.

Doyal & Nunnally, Peeples & Stewart, John L. Doyal, for plaintiff in error.

D. J. Bailey, by A. W. Hammond, for movant.


